UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

SHAUNTON DAVIS,

    Plaintiff,                               Case No. 16-10831
                                             Honorable Victoria A. Roberts
v.                                           Magistrate Judge Elizabeth A. Stafford

NATIONAL COLLEGIATE
STUDENT LOAN TRUST 2005-3, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION TO DISMISS
NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3
WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO SERVE**

**I.    INTRODUCTION AND BACKGROUND**

Shaunton Davis filed this action on March 8, 2016 against National Collegiate Student Loan Trust 2005-3 (the "Trust") and Shermeta Law Group, P.C. ("Shermeta").[1] [R. 1]. Davis subsequently filed an amended complaint that names the same two defendants but includes additional and/or amended factual allegations. [R. 9]. Pursuant to Federal Rule of Civil Procedure 4(m), a plaintiff must serve a defendant within 90 days after

---

[1] The Honorable Victoria A. Roberts referred this action to the undersigned to resolve all pretrial matters, except dispositive motions, pursuant to 28 U.S.C. § 636(b). [R. 7].

filing the complaint; thus, Davis had until June 6, 2016 to serve defendants.[2]

Shermeta has appeared, but the Trust has not. Davis filed a certificate of service stating that she served the Trust by sending a copy of the summons and complaint to Wilmington Trust Company on March 9, 2016 via FedEx overnight, and by serving Shermeta, which she says is legal counsel for the Trust. [R. 8]. Davis writes "RA" before Wilmington's name on her certificate of service, apparently identifying it as the Trust's registered agent. [*Id.*, PgID 67].

On June 13, 2016, the Court entered an order requiring Davis to show cause in writing by June 29, 2016, as to whether she properly served the Trust, and further noting that:

> If [Davis] concedes that she did not properly serve the Trust, Rule 4(m) would require the Court to either recommend dismissing the Trust without prejudice or "order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court proactively takes the latter option and orders that Davis may serve the Trust with the operative amended complaint and summons by **June 29, 2016**.

[R. 11, PgID130 (emphasis in original)]. Davis has not responded to the Court's order, and her response is long overdue.

---

[2] Although Davis filed an amended complaint, she "cannot extend the service period with respect to an already-named defendant by filing an amended complaint…." *See Harris v. City of Cleveland*, 7 Fed. Appx. 452, 456 (6th Cir. 2001).

2

**II.   ANALYSIS**

The Trust is a Delaware statutory trust.  [R. 9, PgID 70].  "A Delaware statutory trust is a type of unincorporated business association."  *Dargahi v. Hymas*, No, 05 Civ. 8500(BSJ), 2008 WL 8586675, at * 1(S.D.N.Y Oct. 15, 2008); *see also* 12 Del. Code Ann. § 3801(g).  Federal Rule of Civil Procedure 4(h) provides that service upon an association may be accomplished by: (1) delivering a copy of the summons and complaint to an officer, managing agent or general agent, or any other agent authorized by appointment or law to receive service of process and by also mailing a copy of each to the defendant; or (2) by any manner allowed under Rule 4(e)(1), which allows for service pursuant to the law of the state where the district court is located or where service is made (i.e., Michigan or Delaware[3] in this case).  *See* Fed. R. Civ. P. 4(h), (e).

Under Rule 4(h)(1), as well as both Michigan and Delaware law, service of an association cannot be effected by mail alone; mailing must be accompanied by personal service of the association's agent.  *See* Fed. R. Civ. P. 4(h)(1); Mich. Ct. R. 2.105(E); Del. Super. Ct. Civ. R. 4(f)(1)(III).  "[A] defendant's attorney will not be deemed an agent appointed to receive process, absent the submission of facts by the plaintiff that plainly show the

---

[3] Delaware is where Davis attempted to serve Wilmington.  [*See* R. 8].

3

defendant had a contrary intent." *Tindle v. Xenos*, No. 09-CV-14826, 2010 WL 4739787, at *2 (E.D. Mich. Nov. 16, 2010) (citation and internal quotation marks omitted) (collecting cases). Here, Shermeta is legal counsel for the Trust in a state action against Davis [R. 9-1, PgID 82], but there is no evidence that the Trust intends for Shermeta to be its counsel for this action or that it appointed Shermeta as an agent to receive process in this case.[4] Thus, Shermeta cannot accept process on behalf of the Trust in this case, and Davis's attempt to serve the Trust was based solely on her mailing a copy of the summons and complaint to Wilmington.

Because an association cannot be served by mail alone, Davis's attempt to serve the Trust was insufficient. *See* Fed. R. Civ. P. 4(h)(1); Mich. Ct. R. 2.105(E); Del. Super. Ct. Civ. R. 4(f)(1)(III). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). After the 90 days expired in this case, the Court gave Davis additional time to serve the Trust, but she failed to take advantage of that time or respond to the order to show cause whatsoever. Accordingly, there is no reason to give Davis any additional

---

[4] Shermeta and the Trust are in fact are co-defendants with potentially competing interests.

4

time to serve the Trust, and dismissal of the Trust without prejudice is warranted.

## III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendant National Collegiate Student Loan Trust 2005-3 be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m).

s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge

Dated: July 12, 2016

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*

*231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 12, 2016.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager